JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 21-02179-AB (SKx) | Date: | April 14, 2021 |
|---|---|---|---|

| Title: | *Nejatollah Javidzad v. General Insurance Company of America et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>GRANTING</u> PLAINTIFF'S MOTION FOR REMAND [Dkt. No. 11] and <u>DENYING AS MOOT</u> DEFENDANT'S MOTION TO DISMISS [Dkt. No. 12]

Before the Court is Plaintiff Nejatollah Javidzad's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 11). Defendants General Insurance Company of America ("GICA") and Nannette Prince ("Prince") (collectively, "Defendants") filed an opposition and Plaintiff filed a reply. The Court will resolve the Motion without oral argument and therefore **VACATES** the hearing set for April 16, 2021. *See* Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15. For the following reasons, the Motion for Remand is **GRANTED**. Prince's Motion to Dismiss is **DENIED AS MOOT**.

### I. BACKGROUND

Plaintiff filed this action in state court, alleging claims against Defendants GICA and Prince for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) violation of Cal. Bus. & Prof. Code § 17200, and (4) negligent misrepresentation. Only the fourth claim is asserted against Prince. *See generally* Compl. (Dkt. No. 1-2).

The gist of Plaintiff's Complaint is that their insurer, GICA, is unreasonably delaying making a coverage determination for water damage at Plaintiff's home. *See* Compl. ¶¶ 7-9. Defendant Prince is GICA's claim adjuster and Plaintiff alleges she made misrepresentations regarding the covered loss, including, for example, misrepresenting that the scope of coverage was narrower than it was, and low-balling the amount of the loss. *See* Compl. ¶¶ 61-62. Plaintiff thus asserts a claim for negligent misrepresentation against Prince.

Defendants removed this case based on diversity jurisdiction. The amount in controversy is satisfied, but Plaintiff and Prince are both citizens of California, thus foreclosing complete diversity. However, Defendants contend that Prince is a sham defendant whose citizenship must be disregarded, resulting in complete diversity. Plaintiff now moves for remand, arguing that Prince is a proper defendant and that the Court therefore lacks diversity jurisdiction.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1441(a) ("Section 1441"), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332 ("Section 1332"), a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Section 1441(b)(2) further limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The term "fraudulent joinder" is a term of art and does not imply any intent to deceive on the part of a plaintiff or his counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd* 710 F.2d 549 (9th Cir. 1983), *impliedly overruled on other grounds in Milkovich v. Lorain Journal Co.,* 497 U.S. 1 (1990). The relevant inquiry is whether the plaintiff has failed to state a cause of action against the non-diverse

defendant, and the failure is "obvious according to the settled rules of the state." *McCabe*, 811 F.2d at 1339 (emphasis added); *see also Morris*, 236 F.3d at 1067. Moreover, "[b]ecause the court must resolve all doubts against removal, we employ a presumption against fraudulent joinder." *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117-1118 (N.D. Cal. 2002) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Thus, "the court must resolve all material ambiguities in state law in plaintiff's favor," and "[w]hen there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities." *Id.*; *accord Briano v. Conseco Life Ins. Co.,* 126 F. Supp. 2d 1293, 1297 (C.D. Cal. 2000).

The burden of proving fraudulent joinder is a heavy one. The removing party must prove that there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). In this regard, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (brackets in original); *Macey*, 220 F. Supp. 2d at 1117 ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, No. 12-08696-DDP (FMOx), 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) (internal quotations omitted) (brackets in original).

In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is any possibility that the plaintiff can state a claim against the defendant. This is because " 'the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.' " *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citing with approval *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573-574 (5th Cir. 2004) (en banc)).

The removal statute is "strictly construe[d] against removal jurisdiction." *Gaus*, 980 F.2d at 566. Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III.   DISCUSSION

Plaintiff alleges one claim against non-diverse defendant Prince: the fourth count, for negligent misrepresentation. Defendants argue that Prince cannot be held liable for acts within the scope of her employment with GICA; that Plaintiff has not and cannot state a claim against Prince; and that the claim fails under the economic loss rule. None of Defendants' arguments overcome their heavy burden.

First, under *Bock v. Hansen*, 225 Cal. App. 4th 215 (2014), an insurance adjuster like Prince can be personally liable for a misrepresentation claim where the adjuster either: (1) provides false information that poses a risk of and results in physical harm to person or property; or (2) conveys the misrepresented information in a commercial setting for a business purpose. *Bock*, 225 Cal. App. 4th at 229. Here, Plaintiff alleges that Prince made a misrepresentation for a business purpose. Defendant argues that *Bock* was limited to circumstances where the insured suffered physical injury—which did not occur here—but this is too narrow a reading of *Bock*. Indeed, several judges in this Court and others have rejected Defendant's argument and read *Bock* as recognizing the business-purpose basis for such a claim without requiring physical injury. *See, e.g., Livshetz v. Federal Ins. Co.*, 2020 WL 4748461 at *3-*5 (C.D. Cal. Aug. 17, 2020); *Knight–Calabasas LLC v. Liberty Mutual Holding Company, Inc.*, 2017 WL 7661483 at *2-*3 (C.D. Cal. April 5, 2017); *Nido v. Nationwide Mut. Ins. Co.*, 2020 WL 1865324, at *5-*6 (N.D. Cal. April 14, 2020). This Court concurs in this reading of *Bock*. At a minimum, given *Bock*'s apparent recognition of a business-purpose basis for this claim, the Court cannot say that the failure of the claim against Prince is "obvious according to the settled rules of the state." *McCabe*, 811 F.2d at 1339.

Defendant also argues that the claim fails under Rule 12(b)(6) because Plaintiff fails to plead essential elements and fails to plead with particularity as required by Rule 9(b). But Plaintiff *may* overcome such pleading defects by amending the Complaint. Likewise, Defendant's argument that the economic loss rule bars the claim goes to the merits and requires more than a "summary" analysis. *Hunter*, 582 F.3d at 1044. Again, the Court cannot say that it is "obvious according to the settled rules of the state" that the economic loss rule defeats the claim.

Given *Bock*, and consistent with the weight of federal cases applying it, Defendants cannot show that, under the settled rules of California, there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good*, 5 F. Supp. 2d at 807. Accordingly, the

Court concludes that Prince is not a sham defendant so her citizenship must be considered. Because both Plaintiff and Prince are California citizens, there is not complete diversity so the Court lacks diversity jurisdiction over this case and it must be remanded.

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Remand (Dkt. No. 11).

Defendant Prince's Motion to Dismiss (Dkt. No. 12) is **DENIED AS MOOT**.

The Clerk of Court shall remand this case to the state court from which it was improvidently removed.

**IT IS SO ORDERED**.